562 December 20, 2023 No. 662

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

IRINA GENNADYEVNA KNOWLES,
*Defendant-Appellant.*

Lincoln County Circuit Court
21CR39864; A179041

Joseph C. Allison, Judge pro tempore.

Submitted November 16, 2023.

Adam Kimmell filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Lagesen, Chief Judge, and Kamins, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Defendant was charged by indictment with driving under the influence of intoxicants (DUII), in violation of ORS 813.010 and ORS 813.011. The indictment alleged that defendant had two prior California convictions, which would have the effect of elevating the charged offense to a felony under ORS 813.011.[1]

In a demurrer, defendant acknowledged the two prior California convictions but asserted that one of those convictions does not qualify as predicate conviction under ORS 813.011. The trial court rejected defendant's demurrer, and defendant entered a conditional guilty plea to felony DUII.

On appeal, defendant assigns error not to the denial of her demurrer but to her conviction. She continues her assertion that one of the prior California convictions alleged in the indictment does not qualify as a predicate conviction to elevate the offense to a felony under ORS 813.011. She seeks a reversal of the judgment convicting her of a felony and entry of a judgment of conviction for a misdemeanor under ORS 813.010.

---

[1] ORS 813.011 elevates the offense of DUII to a felony when the defendant has prior qualifying convictions:

"(1)  Driving under the influence of intoxicants under ORS 813.010 shall be a Class C felony if at least two times in the 10 years prior to the date of the current offense the defendant has been convicted of any of the following offenses in any combination:

"(a)  Driving under the influence of intoxicants in violation of ORS 813.010, or its statutory counterpart in another jurisdiction.

"(b)  A driving under the influence of intoxicants offense in another jurisdiction that involved the impaired driving or operation of a vehicle, an aircraft or a boat due to the use of intoxicating liquor, cannabis, a controlled substance, an inhalant or any combination thereof.

"(c)  An offense in another jurisdiction that involved driving or operating a vehicle, an aircraft or a boat while having a blood alcohol content above that jurisdiction's permissible blood alcohol content.

"(2)  Once a person has been sentenced for a Class C felony under this section, the 10-year time limitation is eliminated and any subsequent episode of driving under the influence of intoxicants shall be a Class C felony regardless of the amount of time which intervenes.

"(3)  Upon conviction for a Class C felony under this section, the person shall be sentenced to a mandatory minimum term of incarceration of 90 days, without reduction for any reason."

The state contends that defendant's challenge to whether the California conviction can constitute a predicate conviction under ORS 813.011 was not preserved. The state asserts that the trial court's adverse ruling on defendant's demurrer, which is the only ruling that defendant reserved for appeal on her conditional guilty plea, addressed only whether the indictment, which alleged two California DUII convictions, was sufficient on its face to establish felony DUII. But in the state's view, defendant did not preserve a challenge as to whether the state could *prove* that defendant had two qualifying prior convictions.

As the state correctly points out, a demurrer challenges only the legal sufficiency of the face of the indictment. ORS 135.630(4) (A defendant "may demur to the accusatory instrument when it appears upon the face thereof * * * [t]hat the facts stated do not constitute an offense[.]"); *State v. Cervantes*, 232 Or App 567, 573, 223 P3d 425 (2009) (A court ruling on a demurrer "may consider only the information alleged in the indictment"). Here, the indictment alleged two predicate California convictions and did not cite the statutes under which defendant was convicted. The indictment was legally sufficient on its face to charge defendant with felony DUII.

Thus, the state is technically correct that the trial court would not have erred in rejecting a challenge to the indictment by demurrer on that basis.

However, the state did not raise that argument against the demurrer below, and the trial court did not reject the demurrer on that basis. Instead, with the parties' agreement, the trial court treated defendant's argument based on the adequacy of the predicate California offense as properly before it as if "in arrest of judgment." Thus, the state acquiesced in the trial court's consideration of defendant's arguments on the demurrer. Assuming, without deciding, that the trial court could properly address the argument raised by the demurrer pretrial, we conclude for the reasons explained below that the trial court did not err in rejecting defendant's contention on its merits.[2]

---

[2] We agree with defendant that the argument is "preserved," in the sense that it was raised below. At the hearing on defendant's demurrer, the state asserted that the

ORS 813.011 elevates the offense of DUII to a felony when the defendant has prior qualifying convictions:

"(1)  Driving under the influence of intoxicants under ORS 813.010 shall be a Class C felony if at least two times in the 10 years prior to the date of the current offense the defendant has been convicted of any of the following offenses in any combination:

"(a)  Driving under the influence of intoxicants in violation of ORS 813.010, or its statutory counterpart in another jurisdiction.

"(b)  A driving under the influence of intoxicants offense in another jurisdiction that involved the impaired driving or operation of a vehicle, an aircraft or a boat due to the use of intoxicating liquor, cannabis, a controlled substance, an inhalant or any combination thereof.

"(c)  An offense in another jurisdiction that involved driving or operating a vehicle, an aircraft or a boat while having a blood alcohol content above that jurisdiction's permissible blood alcohol content."

It is undisputed that defendant's prior California convictions were under California Vehicle Code (Cal Veh Code), section 23152(b), which provides, as relevant:

"It is unlawful for a person who has 0.08 percent or more, by weight, of alcohol in his or her blood to drive a vehicle."

---

demurrer was untimely, because it had not been asserted at arraignment. In colloquy, the court and the attorneys discussed whether the demurrer should be rejected on that basis or allowed to go forward as if raised after trial "in arrest of judgment." ORS 135.640 ("When the objections mentioned in ORS 135.630 appear upon the face of the accusatory instrument, they can only be taken by demurrer, except that the objection to the jurisdiction of the court over the subject of the accusatory instrument, or that the facts stated do not constitute an offense, may be taken at the trial, under the plea of not guilty and in arrest of judgment."). The parties agreed to allow the court to consider the merits of the demurrer. The record shows that defendant's arguments at the hearing presented the same legal contention raised on appeal that one of defendant's California convictions could not be a predicate for a felony designation under ORS 813.011. We understand the court's ruling on the demurrer to have been based on a rejection of that argument. Thus, although not presented in the proper posture, the exact question that defendant raises on appeal was presented to the court below and decided. For that reason, we conclude that the purposes of preservation have been satisfied. *See State v. Amaya*, 336 Or 616, 629, 89 P3d 1163 (2004) ("The purpose of the preservation rule is the practical one of requiring a defendant to provide an explanation of his or her position specific enough to ensure that the trial court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted.").

We need not reach the state's contention that Cal Veh Code § 23152(b) is a statutory counterpart to ORS 813.010, under ORS 813.011(1)(a) and *State v. Guzman/Heckler*, 366 Or 18, 455 P3d 485 (2019). That is because we conclude that defendant's conviction under Cal Veh Code § 23152(b) was for an offense "that involved driving or operating a vehicle, an aircraft or a boat while having a blood alcohol content above that jurisdiction's permissible blood alcohol content." ORS 813.011(1)(c). The California conviction therefore serves as a predicate for an elevation of defendant's Oregon DUII conviction to a felony.

Defendant asserts that her California conviction is not a predicate offense, because the California statute provides that a person's blood alcohol content (BAC) of .08 at the time of driving can be established by a rebuttable presumption

"that *** the person had 0.08 percent or more, by weight, of alcohol in his or her blood at the time of the performance of a chemical test within three hours after the driving."

Cal Veh Code § 23152(b). In that way, defendant argues, the presumption allows a conviction without proof that the person's BAC was .08 or higher *while* driving.

We reject defendant's contention. A conviction under Cal Veh Code § 23152(b) requires proof that a person *drove* with a BAC of .08 or more. The rebuttable presumption establishes only a means by which the prosecution can prove that the person drove with a BAC of .08 or more. A conviction under Cal Veh Code § 23152(b) therefore is a conviction that involves "driving or operating a vehicle *** while having a blood alcohol content above" California's permissible blood alcohol content. ORS 813.011(1)(c). Having been convicted under Cal Veh Code § 23152(b), defendant has a conviction for driving while having a blood alcohol content above California's legal limit. The trial court therefore did not err in determining that defendant's conviction can serve as a predicate for elevation of her Oregon DUII conviction to a felony.

Affirmed.